UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PATRICK NDAHIRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-CV-363-HAB |
| | ) | |
| FXI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff was deemed to have abandoned his position with Defendant after he no-call-no-showed for several days following a workplace injury. Plaintiff claims that this was a set up; he alleges that he was told to stay home by his supervisors who then took advantage of the situation to get rid of Plaintiff in violation of state and federal law. Whether Defendant's conduct violated state law, there is no evidence that Plaintiff faced any form of federally prohibited race discrimination. Summary judgment will be granted on the federal claim, and Plaintiff can pursue his Indiana state-law claim in that forum.

**I.   Factual Background**

Plaintiff was hired by Defendant in March 2020 into a Packing position. That position involved lifting mattresses. When Plaintiff was hired, he acknowledged Defendant's policy that an employee who fails to notify Defendant of absences for three consecutive days is deemed to have abandoned his job and voluntarily resigned.

While employed with Defendant, Plaintiff suffered two workplace injuries. The first occurred in July 2020. Plaintiff injured his back and reported it to Defendant the next day. Plaintiff

filed for worker's compensation benefits, but his claim was closed because Plaintiff failed to attend follow up appointments.

Plaintiff's second injury occurred in August 2021, when he again injured his back. He reported the injury to his supervisor, Terrance Jackson ("Jackson"). Both Jackson and Plaintiff are Black. Jackson and Plaintiff went to the office of Chuck Clemens ("Clemens"), Defendant's Operation Manager. Clemens was responsible for plant safety. Clemens asked Plaintiff if he wanted to "do an injury report." Plaintiff believed that the report was optional and stated that he wanted to go home and visit his chiropractor to determine the extent of the injury. Clemens agreed. Plaintiff stated that he thought he would need a week or two off work to recover. According to Plaintiff, Jackson and Clemens agreed with this plan, telling Plaintiff to "come back to work when you feel better."

Plaintiff waited a week to visit his chiropractor. The chiropractor drafted a note stating that Plaintiff should be off work for another week. Plaintiff waited several more days to hand-deliver the chiropractor's note to Defendant. The same day the note was delivered, Plaintiff received a phone call stating that he was no longer with the company because he had not called Defendant each day missed to let his supervisor know he would not be in.

## II. Legal Analysis

### A. *Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving

party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists cannot create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A court is not "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

### B. *Plaintiff has Designated no Evidence of Racial Discrimination*

The thrust of Plaintiff's racial discrimination claim is that he was fired after suffering a workplace injury while white employees were not. The Court, then, will view the claim as one of disparate treatment. But whatever way the claim is viewed, there is no evidence that any of Defendant's actions were racially motivated. Summary judgment will be granted.

Disparate treatment claims may be reviewed on summary judgment under the direct or the burden-shifting methodologies created by *McDonnell Douglas. v. Green*, 411 U.S. 792 (1973). *See David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 224 (7th Cir. 2017); *Smith v. Chicago Transit Auth.,* 806 F.3d 900, 905 (7th Cir. 2015) (noting the *McDonnell Douglas*

framework is just "a formal way of analyzing a discrimination case when a certain kind of circumstantial evidence – evidence that similarly situated employees not in the plaintiff's protected class were treated better – would permit a jury to infer discriminatory intent."). When a plaintiff responds to a motion for summary judgment on an intentional discrimination claim by relying on the burden-shifting framework created by *McDonnell Douglas* a court should assess the case in those terms. *Id.*; *see also Ferrill v. Oak-Creek-Franklin Joint Sch. Dist.*, 860 F.3d 494, 499 (7th Cir. 2017) (noting that *McDonnell Douglas* burden-shifting analysis has not been displaced).

Still, in all cases, the question at summary judgment remains: "has the non-moving party produced sufficient evidence to support a jury verdict of intentional discrimination?" *David*, 846 F.3d at 224; *see also See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) (instructing courts to stop separating "direct" from "indirect" evidence and instructing, instead, that the test is "simply whether the evidence would permit a reasonable factfinder to conclude the plaintiff's [protected status] caused the discharge or other adverse employment action). *Liu v. Cook Cty.*, 817 F.3d 307, 315 (7th Cir. 2016) ("The proper question under either method is simply whether a reasonable trier of fact could infer retaliation or discrimination."); *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 840 (7th Cir. 2014) ("[T]he fundamental question at the summary judgment stage is simply whether a reasonable jury could find prohibited discrimination.").

Under the burden shifting method, Plaintiff must first establish several prima facie elements of discrimination. To successfully set forth a prima facie case of racial discrimination, Plaintiff must show that: 1) he is a member of a protected class; 2) he was meeting his employer's legitimate performance expectations; 3) he suffered an adverse employment action; and 4) other similarly situated employees who were not members of the protected class were treated more favorably. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).

If Plaintiff establishes a prima facie case, the burden of production shifts to Defendants to offer a permissible, nondiscriminatory reason for the adverse employment action. *Id*. If Defendants carry this burden, Plaintiff must show that Defendants' purported reasons are a pretext for discrimination or that the decision was tainted by impermissible, race-based motives. *Id*. at 143 "'The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Id*. (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

The only evidence Plaintiff designates in support of his discrimination claim is a list of employees who had reported workplace injuries to Defendant in the preceding five years. All but one of those employees were white, and only one of the white employees was fired. This, Plaintiff argues, "smack[s] of race discrimination." (ECF No. 26 at 5).

This evidence tells the Court almost nothing. The Court assumes that the list is provided to satisfy the "similarly situated" employee element of the prima facie case, but it falls short. A similarly situated employee is directly comparable to the plaintiff in all material respects. *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 791 (7th Cir. 2007). To determine whether employees are similarly situated, the Court considers whether: they had the same job description; were subject to the same standards; had the same supervisor; and had comparable experience, education, and other qualifications. *See id*. With nothing other than the race of the employees provided, the Court cannot conclude that any of these individuals are similarly situated.

Simply put, there is no evidence in the record from which a jury could find that Plaintiff was discriminated against based on race. Plaintiff has not made a prima facie case under *McDonnell Douglas*, and the evidence taken as a whole does not permit the inference of discrimination. Defendant is entitled to summary judgment on Plaintiff's federal claim.

C.   *The Court Declines Jurisdiction on Plaintiff's Remaining State Law Claim*

The only remaining, potential claim is Plaintiff's state-law claim under *Frampton v. Cent. Ind. Gas Co.*, 297 N.E.2d 425, 428 (Ind. 1973), which makes it illegal to fire an employee for pursuing worker's compensation benefits. The parties dispute whether Plaintiff makes such a claim in his complaint, but that dispute is irrelevant now. Even if the claim is made, it must be pursued in state court.

As the Seventh Circuit consistently has stated, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) ("As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims"); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendant state-law claims rather than resolving them on the merits"). Yet the court of appeals has discussed "three well-recognized exceptions" to the general rule that "when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright*, 29 F.3d at 1252. As the court has explained, sometimes there are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point to a federal decision of the state-law claims on the merits." *Id*.

The first example that the court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Wright*, 29 F.3d at 1251. That concern is not present here, however, because Indiana law gives a plaintiff three years

from the dismissal on jurisdictional grounds of state-law claims in federal court in which to refile those claims in state court. *See* Ind. Code § 34-11-8-1.

The second exception recognized in *Wright* applies when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." 29 F.3d at 1251 (quoting *Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1347–48 (7th Cir. 1986)). Here, although the Court has devoted significant resources to the disposition of the federal claim on summary judgment, it has not delved deeply into the state-law claims. *See Davis*, 534 F.3d at 654 ("the district court disposed of the federal claims on summary judgment, and so 'substantial judicial resources' have not yet been committed to the case"). Thus, while there are times when "a district court should exercise supplemental jurisdiction over pendent state law claims for reason of judicial efficiency," *Miller Aviation v. Milwaukee Cty. Bd. of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001), this is not one of them.

The third circumstance to which the court of appeals has pointed in which disposition of pendent state-law claims may be appropriate "occurs when it is absolutely clear how the pendent claims can be decided." *Wright*, 29 F.3d at 1251. For example, "[i]f the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter claim to the state court." *Id*. In addition, if the state-law claims are "patently frivolous," they should be resolved right away in the federal court. *Id*. Still, "[i]f the question whether a state-law claim lacks merit is not obvious, comity concerns may dictate relinquishment of jurisdiction." *Id*. The Court does not find that Plaintiff's *Frampton* claim is patently frivolous.

In sum, the Court finds that none of the exceptions to the "usual practice" applies. As a result, the Court denies Defendants' motion for summary judgment without prejudice on Plaintiff's state-law claim and dismisses that claim with leave to refile in state court.

## III. Conclusion

For these reasons, Defendant's motion for summary judgment (ECF No. 17) is GRANTED in part and DENIED in part. The motion is GRANTED as to Plaintiff's claims of race discrimination. The Court DENIES Defendant's motion as to Plaintiff's state law *Frampton* claim, which is DISMISSED without prejudice to refiling in state court. With no remaining claims, the Clerk is DIRECTED to enter judgment for Defendant and against Plaintiff.

SO ORDERED on July 25, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
